## Etter *against* Curtis.

In an action of debt founded upon a judgment confessed before a justice of the peace, the defendant may plead that he was an infant when the judgment was obtained, and avail himself of it as a defence.

ERROR to the Common Pleas of *Dauphin* county.

Thomas Curtis against Henry Etter. This was an action of debt, in which the plaintiff declared upon a judgment obtained by the plaintiff against the defendant before a justice of the peace in the county of Lancaster. The defendant pleaded that he was an infant when he confessed the said judgment. The fact of infancy was admitted, but the plaintiff contended that defendant could not avail himself of it as a defence to this action; that the validity of the judgment could not be thus collaterally inquired into. And of this opinion was the court below.

*M'Clure* and *J. A. Fisher*, for the plaintiff in error, argued that the confession of a judgment by an infant can have no more binding obligation than any other contract he might make, and that the law afforded no other opportunity or remedy to inquire into it than when the plaintiff sought to enforce it by action. 1 *Hen. Blac.* 75; 3 *Watts* 381; 3 *Penn. Rep.* 98; 40 *Law Lib.* 303; 1 *Dall.* 166.

*M'Cormick*, contra, argued that the judgment could not be inquired into collaterally; that the remedy of the party was to apply to the justice to open the judgment, or to remove it to the Common Pleas by *certiorari*, and there inquire into it. 10 *Watts* 101; 3 *Bac. Ab.* 596.

PER CURIAM.—A judgment against an infant in a court of record cannot be abated collaterally by the infant as a judgment may by a stranger where it is collusive, the remedy between the parties being by writ of error, and the fact of infancy being triable *per pais* instead of by inspection. No writ of error lies, however, to remove the judgment of a justice of the peace; and a *certiorari* would correct no more than errors apparent on the face of it. What, then, does necessity require? The Common Pleas

[Etter v. Curtis.]

must either try the fact of infancy by depositions on a *certiorari,* or allow the infant to plead it to a *scire facias,* or an action on the judgment; else there must be a failure of justice. We prefer the course which is less anomalous, and more consistent with the constitutional provision for trial by jury. We must say, therefore, that the defence ought to have been sustained.

Judgment reversed, and *venire de novo* awarded.